**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JAN 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DAVID SARKISIAN, et al., | No.    14-73058 |
| Petitioners, | Agency No. A087-603-205 |
| v. | A087-603-206 |
| | A087-603-207 |
| JEFFERSON B. SESSIONS III, Attorney General, | A087-603-208 |
| | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 4, 2017
Pasadena, California

Before:  D.W. NELSON and REINHARDT, Circuit Judges, and STEEH,[**] District Judge.

David Sarkisian, with his wife Armine Aleksanyan and their two children as

derivative applicants, petitions for review of the Board of Immigration Appeals'

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We **GRANT** the petition for review in part, **DENY** in part, and **REMAND**.

1. We reverse the agency's adverse credibility determination as to Sarkisian. The BIA has provided no "specific and cogent reason[] to support" the determination: specifically, "inconsistent testimony [as] to the number of days that he claims he was held captive" and failure to "identify in his affidavit the prominent politician, Avigdor Lieberman, who he claimed . . . was involved in his kidnapping." Sarkisian's testimony calculating the time he spent in captivity varied, but the dates he provided for his kidnapping and his return covered two nights, which can accurately be described in a number of different ways. At most, Sarkisian's response reflects uncertainty as to the best characterization of a time frame spanning two nights – not an inconsistency. *See Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014) (contrasting the probative value of omissions with that of "inconsistencies created by direct contradictions in evidence and testimony").

Sarkisian's omission of the name "Avigdor Lieberman" from his asylum application also is not a ground for an adverse credibility determination. "It is well established that 'the mere omission of details is insufficient to uphold an adverse

2

credibility finding.'" *Id*. (citations omitted). Sarkisian's asylum application stated, "During this incident [the kidnapping] I heard names of people, whom I believe were behind all of this." Sarkisian testified that he gave Lieberman's name during his asylum interview. While there is no record of this interview, the DHS failed to offer any evidence to the contrary or to dispute this testimony. In the removal proceedings, Sarkisian elaborated: "I heard a few times the name of Lieberman." Finally, Sarkisian's application included articles specifically about Lieberman, which would have served no purpose had he not thought Lieberman had some connection to the kidnapping.

While we may question the plausibility of Sarkisian's account or believe there may have been other grounds on which the IJ or BIA could have made an adverse credibility determination, we are constrained to review the grounds selected by the BIA. In this case, each of the BIA's reasons given for the adverse credibility determination fails.

The IJ and BIA additionally faulted Sarkisian for failure to provide corroborative evidence, but did not give notice of the evidence required. On remand the agency should provide Sarkisian fair notice of any specific corroborative evidence it may desire. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1043-44 (9th Cir. 2016).

2. We also reverse the BIA's finding that Sarkisian's alleged injuries would not rise to the level of persecution given the combination of the beating, detention and death threats. Sarkisian's account of beatings resulting in severe bruising is supported by Aleksanyan's testimony as well as by Dr. Khati's letter. "Physical harm has consistently been treated as persecution." *Ahmed v. Keisler*, 504 F.3d 1183, 1194 (9th Cir. 2007). Additionally, "we have consistently held that death threats alone can constitute persecution." *Navas v. I.N.S.*, 217 F.3d 646, 658 (9th Cir. 2000) (citations omitted). Sarkisian states that his abductors threatened to kill not just him but his entire family if he did not cooperate with their demands. Together, these harms, if suffered, rise to the level of persecution. *See Guo v. Ashcroft*, 361 F.3d 1194, 1202 (9th Cir. 2004).

"[P]roof of past persecution gives rise to a presumption of a well-founded fear of future persecution and shifts the burden to the government to rebut that presumption." *Ahmed*, 504 F.3d at 1197. If Sarkisian's testimony is deemed credible, then he will have established past persecution. He would then be entitled to a presumption of a well-founded fear of future persecution and a presumption that his life or freedom would be threatened in the future in Israel on the basis of his claim. 8 C.F.R. §§ 208.13(b)(1), 208.16(b)(1)(i).

4

3.  Because the IJ and BIA based the denial of CAT relief in part on the adverse credibility determination, the agency must reconsider his entitlement to CAT relief.

4.  We **DENY** the petition for review as to Aleksanyan's separate claim, seeking relief based on her status as a Jehovah's Witness. Aleksanyan has not established a well-founded fear of future persecution on that ground.

5.  We **GRANT** the petition and **REMAND** for the agency's determination of Sarkisian's eligibility for asylum and its exercise of discretion, as well as its determination of his entitlement to withholding and CAT relief.

**GRANTED** in part, **DENIED** in part, and **REMANDED**.